UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDIEL WILLIAMS (A-063-734-744), Petitioner, v. CHRISTOPHER CHESTNUT, et al., Respondents. | No. 1:26-cv-6298 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Judiel Williams (A-063-734-744), a native and citizen of Jamaica who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and included his declaration.[1] Petitioner entered the United States on May 15, 2014, as an immediate relative (IR-2) of a lawful permanent resident. On or about October 27, 2025, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"), and has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

## I. FACTUAL BACKGROUND

Petitioner is a 28-year old citizen and native of Jamaica. (ECF No. 7-1 at 1.) On May 6, 2014, petitioner entered the United States as an immediate relative (IR-2) of a lawful permanent

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

resident after inspection by an immigration officer at a designated port of entry. (ECF No. 1 at 1; ECF No. 7-1 at 2.)

As a result of a motor vehicle accident which also resulted in severe head trauma to petitioner, on August 30, 2017, in Broward County, Florida, petitioner was convicted of driving without a license, and causing death with a vehicle, a third degree felony, and he was sentenced to five years probation. (ECF No. 1 at 6; ECF No. 7-2 at 12, 15, 17, 24.) On August 26, 2025, in Collier County, Florida, petitioner was convicted of fleeing/eluding law enforcement officer with lights and sirens activated, a third degree felony, and "driving while license suspended, revoked 2nd offense," a first degree misdemeanor, and he was sentenced to 75 days in jail. (ECF No. 1 at 7; ECF No. 7-2 at 2, 27-28.)

On or about October 27, 2025, ICE detained petitioner. (ECF No. 1 at 6.) Petitioner has been in continuous detention since then. (Id.) On October 28, 2025, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 7-1 at 5.) The Notice to Appear states petitioner was subject to removal based on Section 237(a)(2)(A)(ii) of the INA, or 8 U.S.C. § 1227(a)(2)(A)(ii), based on petitioner's conviction for "two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." (ECF No. 7-1 at 5.)

On February 26, 2026, an immigration judge denied bond, finding that petitioner is a flight risk and a danger to the community. (ECF No. 7-3 at 1.)

Petitioner has three biological children, all United States citizens. (ECF No. 1 at 6.) Petitioner has ties to the community and is a dedicated member of the Jehovah Witness congregation in Naples Florida. (Id.) Prior to his detention, petitioner worked at a solar electrical company, and the CEO of that company wrote a letter in support of petitioner's release. (Id. at 6, 21-22.)

Respondents do not contest petitioner's factual allegations. (See ECF No. 7.)

---

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

## II. PROCEDURAL BACKGROUND

On August 10, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On August 20, 2026, respondents timely filed their response. (ECF No. 7.) On September 3, 2026, petitioner filed his traverse. (ECF No. 9.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises a Fifth Amendment due process claim for prolonged detention that exceeds six months. (ECF No. 1 at 18.)

### A. Statute Governing Petitioner's Detention

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondents note that petitioner was initially arrested as deportable under 8 U.S.C. § 1227(a)(2)(A)(ii), which triggers custody under 8 U.S.C. § 1226(c)(1)(B), as cited in the Notice to Appear (ECF No. 7-1 at 5-8). (ECF No. 7 at 1.)

However, on February 6, 2026, the immigration judge determined that petitioner's detention proceeded under 8 U.S.C. § 1226(a) and held a bond hearing. (ECF No. 7 at 1; ECF No. 7-3.) Neither party appealed the immigration judge's determination that § 1226(a) governed petitioner's detention, or the finding that petitioner was a flight risk and danger to the community. (ECF No. 7 at 1.) Thus, petitioner is detained pursuant to 8 U.S.C. § 1226(a).

### B. Due Process Claim

Petitioner argues he has a fundamental liberty interest in freedom from imprisonment pursuant to the Fifth Amendment. (ECF No. 1 at 8.) Respondents argue that petitioner's due process claim fails because he is subject to discretionary detention under 8 U.S.C. § 1226(a) and received all the process he was due, and due process "does not require a second bond hearing with a heightened burden on the government absent an appropriate showing." (ECF No. 7 at 1-2.) Petitioner objects that he has not received a constitutionally adequate bond hearing because the government was not required to establish by clear and convincing evidence that petitioner presents a danger to the community or a flight risk. (ECF No. 9 at 1-2.)

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).

Section 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under section 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

Here, petitioner was given a bond hearing before an immigration judge on February 6, 2026. (ECF No. 7 at 2; ECF No. 7-3.) The immigration judge denied bond, finding that petitioner is a flight risk and a danger to the community. (ECF No. 7-3.) Petitioner does not dispute that he was provided this bond hearing, but simply objects that the government should have held the burden to demonstrate petitioner was a flight risk or danger to the community.[3] (ECF No. 9.) However, procedural due process does not require a second bond hearing at which the government would bear the burden of proof by clear and convincing evidence. See Rodriguez Diaz, 53 F.4th at 1193-94, 1203.

Therefore, the Court concludes that even if petitioner has a protected liberty interest given his detention for approximately 11.5 months, petitioner received the process he was due where he received an individualized bond determination by an immigration judge, who denied bond based on danger to the community and flight risk. Accordingly, the Court recommends that the petition be denied as to the due process claim where petitioner is detained pursuant to § 1226(a) and

---

[3] In his petition filed on August 10, 2026, petitioner did not acknowledge that he received a bond hearing on February 6, 2026. (See ECF No. 1.) Petitioner did not raise a challenge to the constitutionality of the bond determination in either his petition or his traverse. (See id.; ECF No. 9.)

received a bond hearing before an immigration judge. As noted above, petitioner has the right to seek another bond hearing if and when circumstances materially change. See Rodriguez Diaz, 53 F.4th at 1202.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/will6298.157.imm.2241.1226a.deny